UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
at DAYTON

| | |
|---|---|
| RYAN SCHULTE, individually and on behalf of all other Ohio residents similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY INSURANCE CORPORATION,<br><br>Defendant. | Case No. 3:19-cv-00026<br><br>Judge Thomas M. Rose |
| ANDREW CARTER, ANTHONY TURCO, LAURA RALPH, and JAMES RALPH, individually and on behalf of all other Ohio residents similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF INDIANA, LM INSURANCE CORPORATION, and LIBERTY MUTAL FIRE INSURANCE COMPANY,<br><br>Defendants. | Case No. 3:20-cv-00002<br><br>Judge Thomas M. Rose |

**PLAINTIFFS' UNOPPOSED RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Pursuant to Rule 23(e)(1)-(2) of the Federal Rules of Civil Procedure, Plaintiffs Ryan Schulte (the "Schulte Plaintiff") and Andrew Carter, Anthony Turco, and Laura Ralph and James Ralph (the "Carter Plaintiffs"), on behalf of themselves and the proposed Settlement Classes (collectively, "Plaintiffs") respectfully submit this renewed motion seeking an order certifying a settlement class solely for purposes of preliminarily approving a settlement agreement, and further

ordering preliminary approval in accordance with the terms and conditions set forth in the proposed preliminary approval order, attached as Exhibit A to the February 16, 2021 Settlement Agreement (the "Settlement") filed concurrently herewith.

Plaintiffs note that on November 16, 2020 they filed their Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Initial Motion for Preliminary Approval"), which the Court granted by Order dated November 23, 2020 (the "Preliminary Approval Order"). *See* Dkt. Nos. 32-33. After the Court issued the Preliminary Approval Order, the Parties worked together to identify potential class members for the purpose of issuing class notice. Through this process, the Parties concluded that their initial analysis of class members they conducted as part of negotiating the initial Settlement Agreement (the "Initial Settlement") (Dkt. No. 32-3) left out a significant number of potential class members. Based on this conclusion, the Parties agreed that they would have to negotiate a new Settlement that included the additional potential class members identified by the Parties and file the instant Renewed Motion for Preliminary Approval of Class Action Settlement (the "Renewed Preliminary Approval Motion").

The Settlement, submitted herewith is materially identical to the Initial Settlement but for the following differences:

1. Based on the addition of potential class members and the corresponding increase in the value of the benefits made available through the settlement, under the Settlement, Plaintiffs' counsel will seek as attorneys' fees, and Defendants have agreed to pay if the Court approves, an amount no greater than $3,414,617.86 instead of the $2,500,000 agreed to in the Initial Settlement. *Compare* Dkt. No. 32-3 at ¶¶ 13.1, *with* Settlement at ¶¶ 13.1.

2

2. In order to maintain the current May 18, 2021 final approval hearing, the Settlement has shortened the time between entry of an order on the Renewed Preliminary Approval Motion and the final approval hearing from no less than 105 days to no less than 75 days. *Compare* Dkt. No. 32-3 at ¶¶ 3.2.1, 3.3, *with* Settlement at ¶¶ 3.2.1, 3.3.

Accordingly, the Renewed Preliminary Approval Motion, the memorandum submitted in support thereof, and all of the exhibits are materially identical to the versions originally filed on November 16, 2020 but for these two changes.[1]

Defendants Liberty Insurance Corporation ("Liberty") and Safeco Insurance Company of Indiana ("Safeco"), LM Insurance Corporation ("LM"), and Liberty Mutual Fire Insurance Company ("Liberty Fire"), (collectively, "Defendants") will not oppose this motion for approval of a settlement.[2] For purposes of preliminarily approving the Settlement only, Plaintiffs seek certification of Settlement Classes defined as follows:

> All policyholders within the Ohio Settlement Class, but excluding (i) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting Nonmaterial Depreciation within the text of the policy form, endorsement or rider (*i.e.*, by express use of the words "depreciation" and "labor"); (ii) policyholders who received one or more ACV Payments for claims, but not replacement cost value payments, that exhausted the applicable limits of insurance; (iii) policyholders whose claims were denied or abandoned without ACV Payment; (iv) Defendants and their officers and directors; (v) members of the judiciary and their staff to whom this action is assigned and their immediate

---

[1] The Preliminary Approval Order set the objection deadline and exclusion deadline for March 19, 2021. Dkt. No. 33 at ¶¶ 10,11. Both the Initial Settlement and the Settlement require that these deadlines occur no fewer than thirty (30) prior to the final approval hearing. *Compare* Dkt. No. 32-3 at ¶¶ 10.2, 11.2, *with* Settlement at ¶¶ 10.2, 11.2. To give potential class members sufficient time after receipt of notice, while maintaining objection and exclusion deadlines no fewer than thirty (30) days prior to the May 18, 2021 final approval hearing, the proposed Preliminary Approval Order submitted herewith as Exhibit A to the Settlement sets the objection deadline and exclusion deadline for April 16, 2021. Exhibit A to the Settlement at ¶¶ 10,11.

[2] As Paragraphs 1.8-1.9 of the Settlement makes clear, however, Defendants deny liability and absent settlement intends to contest each and every claim and cause of action, including whether any aspect of this lawsuit is appropriate for certification as a litigation class.

3

families; and (vi) Class Counsel and their immediate families (collectively, "Exclusions").

"Ohio Settlement Class" means, except for Exclusions, all policyholders under any homeowners residential, manufactured home, condo, dwelling or rental property insurance policy issued by Liberty, Safeco, LM, or Liberty Fire, who made: (a) a Structural Loss claim for property located in the State of Ohio during the applicable Class Periods; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

The Class Periods mean the following time periods:

- For Ohio Liberty policyholders, Structural Loss claims with dates of loss on or after January 28, 2018.
- For Ohio Safeco, LM, and Liberty Fire policyholders, Structural Loss claims with dates of loss on or after January 3, 2019.

Also, for purposes of preliminarily approving the Settlement, Plaintiffs further request that they be appointed class representatives, and that the undersigned counsel be appointed as counsel for the class. In support of their motion, Plaintiffs state and show as follows:

1. To satisfy the requirements of Rule 23(e) for class certification, a proposed settlement class must satisfy the four requirements stated in Rule 23(a)—that is, numerosity, commonality, typicality, and adequacy of representation—as well as one of the three bases for class certification stated in Rule 23(b). Because the request for class certification arises in the context of a settlement, however, the Court need not analyze whether trial would present intractable management problems. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Here, all requirements necessary for preliminary approval of a settlement class are satisfied.

2. Numerosity under Rule 23(a)(1) is satisfied for the proposed settlement classes because counsel estimate that notice will be issue for approximately 6,500 claims at issue or potentially at issue. Each Defendant has greater than 100 claims at issue.

4

3. Commonality under Rule 23(a)(2) is satisfied for the proposed settlement classes because there are questions of law or fact common to all members of the proposed classes including but not limited to the single, predominating question presented—whether Defendants can withhold labor as depreciation under Defendants' property insurance policies. Plaintiffs' entitlement to prejudgment interest also presents a common issue.

4. Typicality under Rule 23(a)(3) is satisfied for the proposed settlement classes because Plaintiffs made claims under their standard-form insurance policy, and Defendants withheld labor or other non-materials in making an actual cash value payment to them. The proposed class representatives' claims arose from the underpayment of their actual cash value claim, and their claim is identical in all respects to the claims of the putative classes.

5. Adequacy under Rule 23(a)(4) is satisfied for the proposed settlement classes because Plaintiffs have fairly and adequately represented and protected the interests of the putative classes. Plaintiffs have no interest that conflicts with those of the classes. Further, they retained experienced counsel competent and experienced in class action and insurance litigation.

6. As required by Rule 23(b)(3), questions of law or fact common to class members of the proposed settlement classes predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Predominance is satisfied because, *inter alia*, the predominating question in this lawsuit for purposes of settlement class certification remains whether labor can be withheld as depreciation under Defendants' policies. Superiority is satisfied for the settlement classes because of, *inter alia*, the thousands of small value claims at issue, and the interests of the parties and judicial economy favor settlement.

7. Pursuant to the 2018 amendments to Rule 23(e)(1)(B), a proposed settlement agreement should be preliminarily approved so long as the moving parties demonstrate that the court will "likely be able to" grant final approval to the settlement. These amendments codify existing practice.

8. Pursuant to Rule 23(e)(3), Plaintiffs state that the only agreement at issue is the Class Action Settlement attached as an Exhibit to the Memorandum filed concurrently herewith.

9. Under Rule 23(e)(2), a proposed settlement can be approved based upon adequacy of representation considerations, the existence of arms-length negotiations and the terms of the settlement in the context of adequacy, the risks of the litigation, fairness to the putative class amongst themselves and in terms of distribution of class member claims and in terms of the attorneys' fees. These factors largely mirror the factors analyzed by the Sixth Circuit. *In re Packaged Ice Antitrust Litig.*, No. 17-2137, 2018 WL 4520931, at *6 (6th Cir. May 24, 2018).

10. As more fully set forth in the accompanying Memorandum and supporting Declarations, the Settlement is appropriate for preliminary approval. In summary, the Settlement provides the following categories of relief:

> **Ohio Class Members With Still Withheld Non-Material Depreciation**: Ohio policyholders from whom non-material depreciation was withheld and not subsequently recovered, and who submit a Claim Form, will receive a net payment of 100% of the withheld non-material depreciation plus 5% simple interest for the time period of withholding.
>
> **Ohio Class Members Without Still Withheld Non-Material Depreciation**: Ohio policyholders from whom non-material depreciation may have been initially withheld, but was subsequently repaid in full (*i.e.*, through receipt of replacement cost benefits), and who submit a Claim Form, will receive a net payment reflecting 5% simple interest during the time period of withholding.

11. The proposed settlement class does not include any policyholder that is not eligible for a payment under this Settlement. In exchange for payment, the class members will release

claims limited to the subject matter of this lawsuit and without giving up any claims or arguments unrelated to the subject matter of this lawsuit (the systemic practice of withholding of nonmaterial depreciation). All unrelated matters will continue to be adjusted and handled by Defendants in the ordinary course.

12. The settlement was reached through arms-length settlement negotiations, as attested to by Plaintiffs' counsel in the accompanying Declarations.

WHEREFORE, for these reasons and those set forth in the accompanying Memorandum of Law and accompany Declarations of Plaintiffs' counsel, Plaintiffs respectfully move for an order consistent with the proposed preliminary approval order attached as Exhibit A to the Settlement, filed concurrently herewith.

Dated: February 22, 2021

                                            Respectfully submitted,

                                            /s/ Stephen G. Whetstone
                                            STEPHEN G. WHETSTONE (0088666)
                                            Email: steve@whetstonelegal.com
                                            Whetstone Legal, LLC
                                            P.O. Box 6
                                            2 N. Main Street, Unit 2
                                            Thornville, Ohio 43076
                                            Telephone: 740.785.7730
                                            Facsimile: 740.205.8898

                                            and

                                            Erik D. Peterson (*pro hac vice*)
                                            MEHR, FAIRBANKS & PETERSON TRIAL LAWYERS, PLLC
                                            201 West Short Street, Suite 800
                                            Lexington, KY 40507
                                            T: 859.225.3731
                                            edp@austinmehr.com

                                            *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was filed and served via the Court's ECF filing system which will send electronic notices of same to all counsel of record on this the 22nd day of February 2021.

                                                  /s/ _Stephen G. Whetstone_