**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
at DAYTON**

| | |
|---|---|
| RYAN SCHULTE, individually and on behalf of all other Ohio residents similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY INSURANCE CORPORATION,<br><br>Defendant. | Case No. 3:19-cv-00026<br><br>Judge Thomas M. Rose |
| ANDREW CARTER, ANTHONY TURCO, LAURA RALPH, and JAMES RALPH, individually and on behalf of all other Ohio residents similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF INDIANA, LM INSURANCE CORPORATION, and LIBERTY MUTAL FIRE INSURANCE COMPANY,<br><br>Defendants. | Case No. 3:20-cv-00002<br><br>Judge Thomas M. Rose |

**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT**

Pursuant to Rule 23(e)(1)-(2) of the Federal Rules of Civil Procedure and the parties' Settlement Agreement, Plaintiffs Ryan Schulte, Andrew Carter, Anthony Turco, and Laura Ralph and James Ralph (collectively, "Plaintiffs"), respectfully move the Court for an order certifying this case as a class action solely for purposes of settlement, and further ordering final approval in accordance with the terms and conditions set forth in the proposed Final Approval Order. Defendants Liberty Insurance Corporation ("Liberty") and Safeco Insurance Company of Indiana

("Safeco"), LM Insurance Corporation ("LM"), and Liberty Mutual Fire Insurance Company ("Liberty Fire") (collectively, "Defendants") will not oppose this motion for final approval of a settlement.[1]

For purposes of final approval of the Settlement, the parties seek final certification of the following Settlement Class provisionally certified by the Court on February 23, 2021 (Dkt. 36, PageID.578-79, ¶ 3):

> "Ohio Settlement Class" means, except for Exclusions, all policyholders under any homeowners residential property insurance policy issued by Liberty, Safeco, LM, or Liberty Fire, who made: (a) a Structural Loss claim for property located in the State of Ohio during the applicable Class Periods as defined in Section 2.12 of the Settlement Agreement; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.
>
> The Class Periods mean the following time periods:
>
> •       For Ohio Liberty policyholders, Structural Loss claims with dates of loss on or after January 28, 2018.
>
> •       For Ohio Safeco, LM, and Liberty Fire policyholders, Structural Loss claims with dates of loss on or after January 3, 2019.

Dkt. 35-3, PageID.496, ¶ 2.12.

In support, the parties submit the following:

1.      To satisfy the requirements of Rule 23(e) for class certification, a proposed settlement class must satisfy the four requirements stated in Rule 23(a)—that is, numerosity, commonality, typicality, and adequacy of representation—as well as one of the three bases for class certification stated in Rule 23(b). Because the request for class certification arises in the

---

[1]  As Paragraph 1.9 of the Settlement makes clear, however, Defendants deny liability or wrongdoing, and absent settlement, intend to contest each and every claim and cause of action, including whether any aspect of this lawsuit is appropriate for certification as a litigation class. *See* Dkt. 35-3, PageID.494.

context of a settlement, however, the Court need not analyze whether trial would present intractable management problems. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Here, all requirements necessary for approval of a settlement class are satisfied.

2.       Numerosity under Rule 23(a)(1) is satisfied for the proposed settlement class because the class includes 11,372 potential Settlement Class Members.

3.       Commonality under Rule 23(a)(2) is satisfied for a proposed settlement class because there are questions of law or fact common to all members of the proposed class including but not limited to the single, predominating question presented—*i.e.*, whether Defendants can withhold labor as depreciation under Defendants' property policies.

4.       Typicality under Rule 23(a)(3) is satisfied for a proposed settlement class because Plaintiffs made claims under their standard-form insurance policies issued by Defendants, and Defendants withheld labor in making actual cash value payments to Plaintiffs. The proposed class representatives' claim arose from the underpayment of their actual cash value claim, and their claims relating to the issue of labor depreciation are identical in all respects to the claims of the putative class.

5.       Adequacy under Rule 23(a)(4) is satisfied for the proposed settlement class because Plaintiffs have fairly and adequately represented and protected the interests of the putative class. Plaintiffs have no interest that conflicts with those of the class. Further, they retained experienced counsel competent and experienced in class action and insurance litigation.

6.       As required by Rule 23(b)(3), questions of law or fact common to class members of the proposed settlement class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Predominance is satisfied because, *inter alia*, the predominating

question in this lawsuit for purposes of settlement class certification remains whether labor can be withheld as depreciation under Defendants' policies. Superiority is satisfied for a settlement class because of, *inter alia*, the thousands of small value claims at issue and the interests of the parties and judicial economy favor settlement.

7.      Pursuant to Rule 23(e)(3), Plaintiffs state that the only agreement at issue is Class Action Settlement Agreement filed on February 22, 2021. Dkt. 35-3.

8.      Under Rule 23(e)(2), a proposed settlement can be approved based upon adequacy of representation considerations, the existence of arms-length negotiations and the terms of the settlement in the context of adequacy, the risks of the litigation, fairness to the putative class amongst themselves and in terms of distribution of class member claims and in terms of the attorneys' fees.

9.      As more fully set forth in the accompanying Memorandum and supporting Declarations, the Settlement is appropriate for final approval. In summary, for Ohio Class Members who submit Claim Forms, the Settlement will result in 100% net recovery of estimated Nonmaterial Depreciation that was withheld from ACV Payments and not subsequently paid, plus simple interest at the rate of 5% per annum on the estimated Nonmaterial Depreciation from the date of the last ACV Payment to the date of Preliminary Approval. For Class Members for whom all Nonmaterial Depreciation that was withheld from ACV Payments was subsequently paid, the Settlement will result in payment of simple interest at the rate of 5% per annum on the estimated Nonmaterial Depreciation that was initially withheld from the ACV payments from the date of the first ACV payment from which Nonmaterial Depreciation was withheld to the date all Nonmaterial Depreciation was paid.

10.     The proposed Settlement class does not include any policyholder that is not eligible for a payment under this Settlement Agreement.  In exchange for payment, the Class Members will release claims limited to the subject matter of this lawsuit and without giving up any claims or arguments unrelated to the subject matter of this lawsuit (the practice of withholding labor as depreciation). All unrelated matters will continue to be adjusted and handled by Defendants in the ordinary course.

11.     The Settlement was reached through arms-length settlement negotiations, as attested to by Class Counsel in the accompanying Declarations.

WHEREFORE, for these reasons and those set forth the accompanying Memorandum, Plaintiffs respectfully move for an order consistent with the proposed Final Approval Order previously filed with the Court (Dkt. 35-8).

Respectfully submitted,

_/s/ Stephen G. Whetstone_____
STEPHEN G. WHETSTONE (0088666)
Email: steve@whetstonelegal.com
Whetstone Legal, LLC
P.O. Box 6
2 N. Main Street, Unit 2
Thornville, Ohio 43076
Telephone: 740.785.7730
Facsimile:  740-205-8898

and

Erik D. Peterson (*pro hac vice*)
MEHR, FAIRBANKS & PETERSON TRIAL
LAWYERS, PLLC
201 West Short Street, Suite 800
Lexington, KY 40507
T: 859.225.3731
edp@austinmehr.com

*Class Counsel*

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed and served via the Court's ECF filing system which will send electronic notices of same to all counsel of record on this the 11th day of May, 2021.

 /s/_Stephen G. Whetstone